```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

JOSE G. JIMENEZ and MARCIA      §
JIMENEZ,                         §
            Plaintiffs,          §
                                 §
VS.                              §   CIVIL ACTION H-09-1308
                                 §
TRAVELERS INDEMNITY COMPANY and  §
INGRID BAL,                      §
                                 §
            Defendants.          §
```

**OPINION AND ORDER**

The Original Petition in the above referenced action alleges that Defendants Travelers Indemnity Company ("Travelers") and its adjuster Ingrid Bal ("Bal") wrongfully delayed and/or unreasonably delayed payment of Plaintiff Jose J. Jimenez's worker's compensation benefits, violating § 541.060(a)(2)[1] of the Texas Insurance Code and causing Plaintiffs injury in and apart from lack of benefits, and seeks relief under 541.060(a)(7) and § 541.152[2] of the Texas Insurance Code.  Pending before the Court is Plaintiffs

---

[1] Under § 541.060(a)(2)(a), it is an unfair or deceptive act or practice in the business of insurance to "fail[] to attempt in good faith to effectuate a prompt, fair and equitable settlement of (A) a claim with respect to which the insurer's liability has become reasonably clear."

[2] Under § 541.152(a), Plaintiffs seek to recover "actual damages, additional damages, attorney's fees, and prejudgment and post judgment interest."  The "additional damages" refers to treble damages authorized by § 541.152(b), where the trier of fact finds that the defendant knowingly committed the complained of act.

Jose G. Jimenez and Marcia Jimenez's motion to remand (instrument #5) for improper joinder of Bal, who is sued in her individual capacity and as an agent of Defendant Travelers Indemnity Company ("Travelers").[3]

This action was originally filed in the 280th Judicial District Court of Harris County, Texas, Cause No. 2009-18575, and was removed on April 30, 2009 on the grounds that Bal, a Texas resident, was fraudulently joined to defeat diversity jurisdiction since Plaintiffs, like Bal, are residents of Texas. Travelers is incorporated under the laws of Connecticut and has its principal place of business in that state.

## Standard of Review

Under 28 U.S.C. § 1441(a) any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Moreover, under 28 U.S.C. § 1441(b), when original federal jurisdiction would be based on diversity, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

---

[3] There is no dispute that the amount in controversy here exceeds $75,000, exclusive of interests and costs.

The doctrine of improper joinder, or fraudulent joinder,[4] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Id., citing Smallwood*, 385 F.3d at 573. The latter is alleged here. Defendants claiming improper joinder based on the second type bear a heavy burden of showing there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the

---

[4] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004).

plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16. That discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiffs' recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74.

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir.

1995).

### Defendants' Notice of Removal

In their notice of removal, incorporated in their response to Plaintiffs' motion, Defendants put forth three reasons why Bal was improperly joined.

First, they insist, Bal was not identified as an adjuster in the Original Petition (Ex. A to Notice of Removal, #1). Nor was she identified as the adjustor on the claim when it was denied by Travelers on the Notice of Denial (Ex. D to #1). When Plaintiffs' then attorney filed a "Request for Benefit Review Conference," she was also not mentioned. Moreover there is no factual allegation in the Original Petition that she was an individual who had anything to do with this claim or knew of the claim when it was denied.

Second, even if Bal had been identified as an adjuster employed by Travelers who handled the denial of Jimenez's claim, the Original Petition fails to allege "actionable conduct" sufficient to support a claim asserted against Bal. Instead the pleading is conclusory and wholly lacking in specific factual support.[5]

---

[5] Specifically the Original Petition (Exhibit A to #1) alleges the following wrongful conduct by Defendants:

### IV.  Facts

6. The Defendants has [sic] engaged in conduct that wrongfully denied and/or unreasonably delayed payment of workers compensation benefits for work place injuries sustained by the Plaintiff Jose G. Jimenez. Such conduct

Third, Plaintiffs cited *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482 (Tex. 1998), to support their argument that Bal is individually and jointly and severally liable for Jimenez's damages. In *Garrison Contractors*, object Defendants, the Texas Supreme Court concluded that a sales agent may be individually liable when the agent misrepresents specific terms of the policy before a loss and the insured relied on that misrepresentation and actually incurred damages. It determined that an insurance company's employee-agent was "engaged in the business of insurance" and was therefore potentially liable under Article 21.21 [of the Texas Insurance Code] when the employee's "job responsibilities included soliciting and obtaining insurance policy sales and explaining policy terms to prospective buyers . . . [and] explaining premium calculators to consumers." *Id.* at 486.

---

> has resulted in damages to Plaintiffs separate and apart from benefits due under the Texas Worker's Compensation Act.

### VI.  Conduct of Defendant Ingrid Bal

> 7.  The acts and omissions of Defendant Ingrid Bal were performed by her in her individual capacity and further as an agent for Defendant Travelers Indemnity Company. Such acts and omissions were within the scope of her actual authority, express authority, implied authority, or apparent authority. Under the authority of *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482 (Tex. 1998), she is individually, as well as jointly and severally liable for the Plaintiff's damages.

Defendants argue that Plaintiffs have not pleaded that Bal sold them the insurance policy or explained to them the terms of the policy or the calculation of the premiums, and that they relied on those representations. They have not even pleaded that she was an adjuster on their particular claim. Moreover, even if she were an adjustor-agent of Travelers on the claim, Plaintiffs have failed to identify any actionable conduct by her because they have not identified any specific misrepresentations that she has made.

### Plaintiffs' Motion to Remand

Plaintiffs maintain that in Texas only simple notice pleading is required, sufficient to give the other party the basis of the plaintiff's complaint, not supportive factual pleading. 2 R. McDonald, *Texas Civil Practice* §§ 7.2[5], at 123; 7.2[a][b] at 120-24; 7.4[b] at 130 (1992); *Schoelkopf v. Pledger*, 778 S.W. 2d 897, 899 (Tex. App.--Dallas 1989, writ denied), *citing* Tex. R. Civ. P. 45, 47. Because a plaintiff should not be required to anticipate removal to federal court, the sufficiency of factual allegations should be judged under Texas' notice pleading standard. *Warren v. State Farm Mutual Automobile Ins. Co.*, No. 3:08CV0768, *4 (N.D. Tex. Aug. 29, 2008), *citing inter alia*, *De La Hoya v. Caldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537-38 (5th Cir. 2005).

Plaintiffs insist that under Texas law, adjusters may not avoid personal liability for their actions. *See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482 (Tex.

1998); *Equitas Reinsurance Ltd v. Browning-Ferris Indus., Inc.*, No. 14-99-01084-CV, 2001 WL 422765 (Tex. App.--Houston [14th Dist.] Apr. 26, 2001, no pet.)(confirming adjuster liability under Insurance Code); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643 (S.D. Tex. 2002, no pet.); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840 (S.D. Tex. 2001); *Cornman v. State Farm Lloyds*, 2001 WL 34098622 (S.D. Tex. Nov. 19, 2001). Furthermore employees of insurers are "engaged in the business of insurance" and therefore personally liable for their violations of the Insurance Code. *Garrison*, 966 S.W. 2d 482.

Plaintiffs point out that sections 541.60 and 541.061 of the Texas Insurance Code provide extensive lists of acts and practices deemed unfair or deceptive in the business of insurance and the Code permits a private cause of action against "a person" who commits one or more of the enumerated acts or practices. The Texas Supreme Court has held that the statutory language is broad enough to permit a cause of action against an insurance agent employee who engages in unfair or deceptive acts or practices. *Garrison Contractors*, 966 S.W. 2d at 486-87 (holding that an agent could be held liable for misrepresenting the amount of a premium due under a policy); *see also Crown Life Ins. Co. V. Casteel,* 22 S.W.3d 378, 384-85 (Tex. 2000). In addition an "adjuster" is included under the definition of "person" in Texas Insurance Code Ann. § 541.002(2). Thus an adjuster is liable to suit under § 541.151.

*Vargas*, 216 F. Supp. 2d at 648 ("Although the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigation, processing, evaluating, approving and denying claims."); *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard*, 206 F. Supp. 2d at 846.

Plaintiffs contend that Defendants' arguments for removal are incorrect. First, regarding Defendants' argument that Bal is not an adjuster on the claim, Plaintiffs submit Exhibit B to #5, Notice of Disputed Issues(s) and Refusal to Pay Benefits, clearly identifying Bal as the adjuster who was involved in denying benefits to Plaintiffs.[6]

In paragraph 10 of Defendants' Notice of Removal, Defendants argued there are insufficient facts in the Original Petition to plead a cause of action against Ingrid Bal. Plaintiffs cite *KIW, Inc. v. Zurich American Ins. Co.*, No. Civ. A. H-05-3240, 2005 WL 3434977, *3 (S.D. Tex. Dec. 14, 2005)(holding that the plaintiff's minimal and generic factual allegations gave fair notice of the claims asserted and that underlying facts could be developed during discovery). Plaintiffs also insist that in *Gasch*, 491 F.3d at 282, the Fifth Circuit concluded that Texas law "clearly authorizes" actions against insurance adjusters in their individual capacities

---

[6] Defendants object that this document is dated June 20, 2008, months after the Jose Jimenez's claim was denied in February 2008, which was the denial in dispute in this lawsuit.

for violations of the Insurance Code.

**Defendants' Response**

Incorporating the arguments in their Notice of Removal (#1) that Bal was improperly joined to defeat diversity jurisdiction, discussed *supra*, Defendants contend that the Original Petition fails to plead sufficient facts to sustain any cause of action against Bal. They insist that the Petition is a "near verbatim recitation of portions of unfair settlement practices specified in the Insurance Code" and it fails to state a colorable claim against Bal because it has alleged no facts defining the adjustor's individual role in the alleged events. *First Baptist Church v. GuideOne Mutual Ins. Co.*, No.1:07-CV-988, 2008 U.S. Dist. LEXIS 75961, *11-12[7] (E.D. Tex. Sept. 29, 2008), *adopted*, 2009 U.S. Dist. LEXIS 12526 (E.D. Tex. Feb. 17, 2009). Plaintiffs have vaguely pleaded unspecified "acts and omissions" of Bal, and the petition does not identify Bal as the adjuster who denied or delayed Jimenez's claim and only summarily complains that Defendants

---

[7] *Citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993)(finding improper joinder when plaintiff's plead contained only "conclusionary [sic] allegations, wholly lacking in specific factual support); *Waters v. State Farm Mut. Auto Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice"). The magistrate judge pointed out that Fifth Circuit precedent "is consistent with the recent holding of the Supreme Court" in *Twombly*, 550 U.S. 544 ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

(without differentiation) "engaged in conduct that wrongfully denied and/or unreasonable delayed payment of workers compensation benefits."

Defendants insist that not only is there no factual specificity in claims against Bal, but, piercing the pleadings, argue that the record shows that she was not the adjustor who handled the initial "Denial of Compensability/Liability and Refusal to Pay Benefits" ("PLN-1"), which is the conduct about which Plaintiffs complain in this action. Ex. D to #1, Ex. A to #6. In Response to Travelers' PLN-1, around February 20, 2008, Jose Jimenez's attorney at the time filed with the Texas Department of Insurance, Division of Workers' Compensation a "Request for Benefit Review Conference" (Ex. E to #1 and Ex. B to #6), which, contrary to Plaintiffs' claim in their motion for remand, did not identify Bal as an adjuster on their claim and which merely set forth "disputed issues." Moreover, it is purportedly dated June 20, 2008, months following the initial denial of the claim. It is undisputed that Bal was not involved in any way with the claim at the time it was denied in February 2008. Therefore "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [this] in-state defendant." *Smallwood*, 385 F.3d at 571 n.1.

In addition, Defendants insist that the Original Petition does not even meet the "Texas Notice Pleading Standard." Review of each

of the cases cited by Plaintiffs reveals a state court petition significantly more factually specific than the Jimenezes's Original Petition in this action. It does not identify any facts showing how and when Bal violated the law. *See Griggs*, 181 F.3d at 699 ("We cannot say that [plaintiff's] petition, which mentions [the agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets the liberalized requirements that permit notice pleading."). The cited cases thus support Defendants' position that the Jimenezes's Original Petition is wholly insufficient to sustain remand in the face of an improper joinder claim. Furthermore, observe Plaintiffs, it is far from settled that the Texas fair notice standard is to be applied in every remand case. *See Strickland v. Aaron Rents, Inc.*, 2005 WL 2035528, *3 (W.D. Tex. Aug. 22, 2005)(holding that factual allegations of removed petition for purposes of improper joinder analysis are assessed under federal civil procedure standard rather than state standard); *Waters v. State Farm Mutual Automobile Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994)(finding that the Plaintiffs' failure to allege any facts to support their conclusory fraud claims against Wallace, an agent who sold them an insurance policy, violated Fed. R. Civ. P. 9(b) for pleading fraud with specificity).

Finally, Defendants maintain that Plaintiffs have not given notice of any claims except for those specifically pleaded under

identified sections 541.060(a)(2) and 541.060(a)(7) of the Texas Insurance Code. And even for these provisions there no specific actions, dates, or wrongful conduct pleaded. There is no plausible reason for suing Bal other than to defeat diversity. Even under holding in *Garrison Contractors*, 966 S.W. 2d 482, there is no allegation that Bal sold Defendants an insurance policy or explained the policy terms or premium calculations to Plaintiffs when they were prospective buyers. There is no allegation that Bal was a sales agent or a sales adjuster on the claim. *See GuideOne Mutual*, 2008 U.S. Dist. LEXIS 75961 at *11-12 (in a remand analysis, the key inquiry is whether sufficient facts are alleged to sustain a cause of action). In their Original Petition the Jimenez Plaintiffs pleaded only conclusory legal allegations without specific facts defining what "acts and omissions" Bal participated in, and what and when she did. *See also Bailey v. State Farm Lloyds*, No. Civ. A. H-00-3638, 2001 U.S. Dist. LEXIS at *14-15 (S.D. Tex. Apr. 12, 2001)(Gilmore, J.)(insufficient facts to sustain complaint against two adjusters); *Ardila v. State Farm LLoyds*, 2001 U.S. Dist. LEXIS 24477 (S.D. Tex. July 16, 2001)(Lake, J.)(denying remand and granting summary judgment on behalf of insurer's employee-adjuster for failure to allege any actionable conduct by employee); *Hansen v. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 24468 (S.D. Tex. June 29, 2001)(Lake, J.)(failure to state specific actionable conduct against Jones was not sufficient to

state a claim against him).

After reviewing the briefs, the record, and the relevant law, the Court finds that it is in full agreement with Defendants that Ingrid Bal was improperly joined to defeat diversity jurisdiction. Plaintiffs have failed to allege any specific facts demonstrating actionable conduct against Bal, no less against her in her role as an alleged adjuster liable under Texas law, nor to differentiate between the conduct of the two Defendants. In addition to cases already cited, *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1728 (S.D. Tex. Oct. 27, 2009)(Werlein, J.)("near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable possibility of recovery), *citing inter alia Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, *4 (S.D. Tex. Feb. 20, 2007)(Miller, J.), and *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-cv-165-A, 2009 WL 1437837, *3-4 (N.D. Tex. May 22, 2009).

Accordingly, the Court

ORDERS that Plaintiffs' motion to remand (#5) is DENIED and

Ingrid Bal is hereby DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this 25th day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE